UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 29 2013
Clerk, U.S. District and
Bankruptcy Courts

William Oscar Harris, )
                                )
     Plaintiff, )
                                )
     v. )     Civil Action No.  13-1144
                                )
Federal Bureau of Prisons, )
                                )
     Defendant. )
                                )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915A (requiring the Court to screen and dismiss a prisoner's complaint that, *inter alia*, fails to state a claim upon which relief may be granted).

Plaintiff is a federal prisoner incarcerated in Terre Haute, Indiana. He seeks judicial review under the Administrative Procedure Act, 5 U.S.C. § 706, but alleges that the Bureau of Prisons ("BOP") has refused to correct its records "in accordance with 5 USCS § 552a(e)(5), to reflect the facts established in a BOP official agency determination. . . ." Compl. at 1. Judicial review of an agency's failure to amend records is available exclusively under the Privacy Act, 5 U.S.C. § 552a. *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003). Hence, the Court has considered the complaint under the Privacy Act and finds no claim stated.

Plaintiff refers to an "Agency Determination Letter" and other documents that *he* prepared and addressed to BOP's Office of General Counsel. *See* Compl. Attachments. He seeks as relief "a final judgment ratifying [his] documents as the BOP's official agency

determination of the facts established therein, and . . . an order in accordance with [the APA] demanding that [BOP Director] Charles E. Samuels, Jr. . . . and [his] Warden . . . correct the BOP's official agency records and files . . . to reflect the facts established in this enclosed Agency Determination Letter." Compl. at 2.

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The instant complaint does not identify a record allegedly created, compiled, or maintained by BOP containing inaccurate information, and "the main purpose of the Privacy Act's disclosure requirement is to allow individuals on whom information is being compiled and retrieved the opportunity to review the information and request that the agency correct any inaccuracies." *Blazy v. Tenet*, 194 F.3d 90, 96 (D.C. Cir. 1999) (citation and internal quotation marks omitted). Even if plaintiff could identify a record, his claim would fail if the record is located in BOP's inmate records system because the system is "exempt from the access and amendment provisions of the Privacy Act." *Hidalgo v. BOP*, No. 01-5257, 2002 WL 1997999 (D.C. Cir. Aug. 29, 2002) (citing cases). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle
United States District Judge

Date: July 23, 2013

2